UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YASHUA ANK BEY EL, c/o YASHUA ANK BEY EL ESTATE AND THE FAMILY OF MOORS,

Plaintiff,

-against-

KNUCKLES, KOMOSHINSKI, MANFRO LLP; CITIMORTGAGE, INC.; ROSICKI, ROSICKI & ASSOCIATES, P.C.; and BERLINDA MALLEBRANCHE, Debt-Collector,

Defendants.

19-CV-7632 (CM)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this *qui tam* action under the False Claims Act (FCA), 31 U.S.C. 31 U.S.C. §§ 3729-3733; the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964; the Freedom of Information Act, 5 U.S.C. § 552; the Fraud Enforcement and Recovery Act of 2009, which amended the FCA at 31 U.S.C. §§ 3729(a)(1) and (a)(2); the American Recovery and Reinvestment Act of 2009, which contains a whistleblower provision; the Helping Families Save Their Homes Act, which amended the Truth-In-Lending Act, 15 U.S.C. § 1601; and the Uniform Residential Mortgage Satisfaction Act (URMSA).[1] Plaintiff generally alleges that Defendants committed some type of misconduct during a foreclosure proceeding involving a Brooklyn, New York property, in which Plaintiff is not the mortgagee.

[1] In 2004, the National Conference of Commissioners on Uniform State Laws developed the URMSA. *See generally State ex rel. U.S. Bank Nat. Ass'n v. McGraw*, 234 W. Va. 687, 694 (2015). It is not a federal law.

Plaintiff has also filed a motion for injunctive relief, and seeks to file the action under seal.

By order dated September 16, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the Court dismisses the action, denies the request to proceed under seal, denies the request for injunctive relief, and orders Plaintiff to show cause why he should not be barred from filing future actions in this Court related to the foreclosure proceeding that is the subject of this action.

The Court also refers this matter to the criminal division of the United States Attorney's Office for the Southern District of New York.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action is Plaintiff's second lawsuit brought in this Court concerning the same foreclosure proceeding, held in New York State Supreme Court, Kings County. *See Bey El v.*

*CitiMortgage, Inc.*, ECF 1:18-CV-0957, 1 (KPF). Judge Failla dismissed the prior action because Plaintiff failed to prosecute the matter. *See* ECF No. 18.

Both actions do not concern *Plaintiff's* foreclosure proceedings. Rather, Defendant CitiMortgage foreclosed on a property owned by a Christopher Celestine, not a party to either action, who apparently conveyed title of the subject property (the "Brooklyn property") to Plaintiff during the foreclosure proceeding.[2] In this action, Plaintiff names as defendants CitiMortgage; Rosicki, Rosicki & Associates P.C. (Rosicki); Knuckles, Komoshinski, Manfro LLP (Knuckles); and Berlinda Mallebranch, identified by Plaintiff as a debt collector. In the prior action, he named CitiMortgage. Rosicki, and MERS – the Mortgage Electronic Registration System.[3]

The following facts are taken from the amended complaint,[4] which is not a model of clarity: "Debt-Collector(s) knowingly and willingly plan[n]ed and committed Constructive Acts of fraud by filing a Foreclosure case in New York Supreme Court and foreclosure 360 Adams [S]treet **index #15792/08**." ECF No. 4, 11 (emphasis in original). On an unspecified date, "CITIMORTGAGE received a line of credit for a promissory note [and Plaintiff] an heir and

---

[2] In the prior action, counsel for Defendants CitiMortgage and MERS stated that the mortgagee, Christopher Celestine, "who owned the [Brooklyn] property in 2007, took out a loan in the amount of $707,400 secured by a mortgage on the property." ECF 1:18-CV-0957, 12. Counsel also stated that on May 30, 2008, CitiMortgage initiated foreclose on that mortgage, and while the foreclosure action was pending, "Celestine conveyed title to the property to [Plaintiff]." *Id.*

[3] In an unrelated, third action, Plaintiff removed to this Court a state-court housing matter filed by 342 Eldert LLC, Plaintiff's "Feudal Land Lord." *See 342 Eldert LLC v. Yashua Ank Bey El*, ECF 1:18-CV-11700, 2 (CM) (S.D.N.Y. Feb. 15, 2019). The Court remanded the matter to state court. ECF 1:18-CV-11700, 4.

[4] On August 29, 2019, Plaintiff amended the original complaint, which was filed on August 13, 2019.

land owner of the land in which the building sits upon exercised [his] right to clear the title by way of an affidavit of satisfaction and private administration." *Id.*

Attached to the complaint are several notarized documents, many of which appear to have been fabricated by Plaintiff.[5] These "documents" support Plaintiff's claim that the mortgage held by Defendant Citibank was satisfied. For example, Plaintiff attaches a document titled, "Notice of Pending Affidavit of Satisfaction," where he states that, "as heir to the land and in conjunction with named Grantor Christopher Celestine in the Mortgage deed recorded in Kings County Recorder's office," the mortgage for the Brooklyn property, located at 393 Montauk Avenue, in Brooklyn, was satisfied. *Id.* at 26. On November 26, 2018, Plaintiff "presented" this document to Citibank, which did not respond. *Id.* at 28. Plaintiff created another document titled, "Notice of Default," on which the notary public "publicly and solemnly certif[ies] the dishonor as against all parties . . . by reason of [CitiMortgage's] non-performance/non-response." *Id.*

In further support of the alleged satisfaction of this debt, Plaintiff attaches a "Notice and Acknowledgement of Final Payment, purportedly sent from the U.S. Department of Agriculture (USDA), informing the borrower, Christopher Celestine, that he would receive a United States treasury check in the amount of $713,000.00, dated October 25, 2018:

---

[5] The complaint does not suggest whether Plaintiff also filed these documents in the foreclosure proceeding. The Court notes that Plaintiff was found guilty of falsely assuming and pretending to be a diplomatic, consular, and other official from a foreign country, that is, the "Moorish" nation. Plaintiff's guilty verdict was based on his "demand[ing] and attempt[ing] to obtain . . . diplomatic immunity from arrest and prosecution." *United States v. Bey El a/k/a Nkem Obote Wilson*, No. 06-CV-0171 (WLO) (M.D.N.C. Dec. 5, 2006).

Case 1:19-cv-07632-UA Document 3 Filed 08/29/19 Page 29 of 37

FORM RD 451-20
(Rev. 10-85)

UNITED STATES DEPARTMENT OF AGRICULTURE
RURAL DEVELOPMENT
1520 Market Street
St. Louis, Missouri 63103

NOTICE AND ACKNOWLEDGEMENT OF FINAL PAYMENT

Office of the Under Secretary: Bio
USDA Rural Development, Room 205-W
Mail Stop 0107
1400 Independence Avenue SW
Washington, DC 20250-0107
Phone: (202) 720-4581
TTY: (800) 877-8339 (Federal Relay Service)

DATE 10-27-2018

| DATE | AMOUNT |
|---|---|
| TREASURY CHECK | |

| NAME OF BORROWER | RD CASE NUMBER | AMOUNT OF NOTE OR BOND | DATE OF NOTE/BOND | INTEREST RATE | EXP DATE |
|---|---|---|---|---|---|
| christopher celestine | | 713,000.00 | 4-30-07 | | 10-25-18 |

SECTION I: NOTICE OF FINAL PAYMENT TO THE INVESTOR

You will receive under separate cover the United States Treasury check described above. This check should pay the above-described insured loan in full with interest due you to the date of the Treasury check. If your records agree, please complete and execute Section 11 of the original of this form when you receive the payment and send it, together with the Promissory Note (Bond), to our County Supervisor at the address shown in the lower portion of this form. We suggest documents be returned to the County Supervisor by certified mail. If your records do not agree, please write to the above address. The extra copy of this form is for your files.

FORWARD PROMISSORY NOTE
OR BOND TO:

MAIL CODE
10013

CITIMORTGAGE, INC.,
JOHN C. GERSPACH, CFO
388 GREENWICH STREET
NEW YORK, 10013

SECTION II: ACKNOWLEDGMENT OF RECEIPT OF FINAL PAYMENT

The above-described loan has been paid in full. It is understood that all obligations of the United States of America as insurer of the loan are terminated. Enclosed for delivery to the borrower by Rural Development is the original Promissory Note (Bond), endorsed on the reverse side, "Pay to the order of the United States of America. Without recourse."

Date Final Payment Received | Name of Investor

BY: ____________________ (Signature)

CFO - ____________________ (Title)

FORM RD 451-20 (Rev. 10-85)

*Id.* at 29. The letter further instructed Celestine to send the check to CitiMortgage. *Id.*

Following the USDA's alleged mailing of a treasury check to Celestine, and presumably after Celestine mailed the check to CitiMortgage, Plaintiff attaches a document purporting to show that he provided the New York City Department of Finance, Office of the City Register, with an instrument dated November 24, 2018, titled "Satisfaction of Mortgage," concerning the Brooklyn property. *Id.* at 30. After "registering" the satisfaction of the mortgage, Plaintiff fabricated another document, dated August 5, 2019, titled "Warranty Grant Deed," and signed by Plaintiff, transferring the Brooklyn property to himself, "[a] living breathing flesh and blood

man, owner and [s]uperior alliodial [sic] Bond holder as Grantee and occupant office of the President, located" at the Brooklyn property's address. *Id.* at 34.

Plaintiff seeks damages under the FCA and the RMSA.

## DISCUSSION

### A. The Court dismisses Plaintiff's claims under the FCA and denies Plaintiff's request to place the case under seal

On February 8, 2018, Judge Failla dismissed Plaintiff's *qui tam* claims because Plaintiff, as a *pro se* litigant, lacked standing to assert his *qui tam* claims under the FCA. ECF 1:18-CV-0957, 4. For the same reasons stated in Judge Failla's February 8, 2018 order, the Court dismisses Plaintiff's FCA claims. Also for the reasons stated in Judge Failla's order, the Court denies Plaintiff's request to place the action under seal, as there no longer is a statutory basis to keep the action hidden from public view.

### B. The Court dismisses Plaintiff's remaining claims as frivolous

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

A claim is malicious where it appears a plaintiff is "abusing the judicial system in the process" of litigating a claim. *Nelson v. Eaves*, 140 F. Supp. 2d 319, 322 (S.D.N.Y. 2001).

Plaintiff does not assert cognizable claims under any of the federal statutes to which he refers and therefore his claims are "based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437. Moreover, he appears to have fabricated documents, including a USDA document, suggesting – at the very least – that he is "abusing the judicial system." *Nelson*, 140 F. Supp. 2d at 322.

The Court therefore dismisses the remaining claims as frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(b)(i).

### C. The Court orders Plaintiff to show cause why a filing injunction should not be issued

In light of Plaintiff's litigation history, the Court orders him to show cause why he should not be barred from filing any further actions in this Court concerning the Brooklyn property and the related foreclosure proceedings without obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions in this Court concerning the Brooklyn property and the related foreclosure proceeding, unless he obtains permission from this Court to do so.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis*

under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring him from filing future actions in this Court related to the Brooklyn property and the related foreclosure proceeding without prior permission. A declaration form is attached to this order.

The Court denies Plaintiff's request to place the action under seal for the reasons set forth in this order.

The Court also denies Plaintiff's request for injunctive relief (ECF No. 4) as frivolous.

The Court also refers this matter to the criminal division of the United States Attorney's Office for the Southern District of New York.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 1, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

________________________________________

________________________________________

Write the first and last name of each plaintiff or petitioner.

Case No. ______ CV ______________

-against-

________________________________________

________________________________________

________________________________________

________________________________________

Write the first and last name of each defendant or respondent.

# DECLARATION

______________________________________________________________________

______________________________________________________________________

Briefly explain above the purpose of the declaration, for example, “in Opposition to Defendant’s Motion for Summary Judgment,” or “in Response to Order to Show Cause.”

I, ________________________________ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

Attach additional pages and documents if necessary.

Executed on (date)

Signature

Name

Prison Identification # (if incarcerated)

Address

City

State

Zip Code

Telephone Number (if available)

E-mail Address (if available)